**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| TOMMY E. FULCHER; GLENDELL HENDERSON; JESSE L. HILL, JR.; CORNELIUS HULUM; PRESTON M. JAMES; MICHAEL JOHNSON; KENNETH KIMBLE; VERNON K. LANE; KEVIN LEE; DANA MCELRATH; WANDA GIVENS; COURTNEY N. PIERCE; CLAUDIA ROACH; ALEXIS O. ROBINSON; O'DELL THOMAS; CARLOS WALKER; AL G. WARD; RHONDA WASH; BOBBY WILEY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF WICHITA; NORMAN WILLIAMS, individually and in his official capacity as Chief of Police, <br><br> Defendants-Appellees. | No. 09-3301 <br> (D.C. No. 2:06-CV-02095-EFM) <br> (D. Kan.) |

---

**ORDER AND JUDGMENT**[*]

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Plaintiffs are nineteen African-American current and former police officers with the City of Wichita Police Department. In 2006 they sued the department and Police Chief Norman Williams, claiming they were discriminated against because of their race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. §§ 1981 and 1983. Only one of the plaintiffs, Glendell Henderson, exhausted his Title VII claims by first filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The defendants sought dismissal of the other plaintiffs' Title VII claims on this basis, arguing lack of jurisdiction. The district court allowed those claims to proceed, however, cautioning the co-plaintiffs that their Title VII claims would not survive summary judgment unless they could show they were entitled to "piggyback" on Mr. Henderson's EEOC complaint. Ultimately, the court concluded that piggybacking was not available because Mr. Henderson's EEOC complaint was itself untimely. It therefore dismissed the co-plaintiffs' Title VII claims for lack of jurisdiction and awarded the defendants summary judgment with respect to the remaining claims on the merits. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Mr. Henderson is a longtime employee of the Wichita Police Department. On November 22, 2005, he filed a charge of discrimination with the EEOC, accusing the department of discriminating against him and other minorities. In the charge, he described the particulars of the discrimination as follows:

I. The City of Wichita has systematically discriminated against me and other Minorities. The discrimination is due to the policies and procedures implemented and advanced by The City of Wichita which ha[ve] a disparate impact upon Minorities. I am an African American officer. I am qualified for my position.

II. I have continued to be subjected to a hostile work environment. I seek to represent a class of similarly situated individuals (minority officers) who have been discriminated against. . . .

III. I have been subjected to retaliation for complaining about racial discrimination [i]n the Wichita Police Department. This started around June of 2004.

IV. Minorities have also been subjected to less pay and promotions. This discrimination has affected all terms and conditions of employment for all minorities.

V. In the last 4 months I and several other Minority supervisors have been accused of not possessing the proper managerial skills based on an unofficial survey. Other similarly situated Caucasian officers were not subjected to any queries about their managerial [skills.]

Aplee. Supp. App. at 57. Upon receiving a right-to-sue letter, Mr. Henderson filed this action in the district court on March 15, 2006, joined by the eighteen other plaintiffs, each of whom claimed to have satisfied the exhaustion requirement by virtue of Mr. Henderson's EEOC complaint.

In rejecting the defendants' jurisdictional argument as to the co-plaintiffs' Title VII claims, the district court relied on our opinion in *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191 (10th Cir. 2004). In that case, we explained that it is useless in discrimination lawsuits to require each co-plaintiff to file his own EEOC charge when the employer is already on notice of the additional claims. *Id.* at 1197. Under those circumstances, we recognized an exception to the individual filing requirement known alternatively as the "single filing rule" or "piggybacking." *Id.* This exception allows a plaintiff to join an individual discrimination lawsuit so long as his "unexhausted claims stem from the same conduct as the filed charges," and "the named plaintiff filed a timely administrative charge." *Id.* at 1198. Thus, while the co-plaintiffs' Title VII claims were not subject to dismissal at the pleadings stage, those plaintiffs still had to demonstrate the required similarity between their claims and those included in a timely filed EEOC charge.

By the time the court entered its pre-trial order in November 2008, plaintiffs had narrowed their case to three theories of recovery: (1) discriminatory discipline in violation of Title VII; (2) discriminatory promotion in violation of Title VII; and (3) discrimination in the making and enforcement of their employment contracts in violation of § 1981 through

application of § 1983.[1]  As we will explain, the district court ultimately rejected

each of these theories because it concluded the plaintiffs' claims were either

time-barred or unsupported by evidence of discrimination, or both.

### A.  Discriminatory Discipline

Plaintiffs argued in support of their discriminatory discipline claim that

they were routinely disciplined more harshly than similarly situated Caucasians.

The district court rejected this claim as a matter of law because it concluded that

Mr. Henderson had failed to include it in his EEOC charge, and therefore the

claim was not exhausted.  The court recognized that Mr. Henderson's EEOC

charge described the discrimination in general terms, stating, for example, that the

city "systematically discriminated" against him and other minorities.  Aplee.

Supp. App. at 57.  But it pointed out that in addition to this general language, the

---

[1]      At summary judgment, the district court properly limited the plaintiffs to
those claims included in the pre-trial order.  *See Cortez v. Wal-Mart Stores, Inc.*,
460 F.3d 1268, 1276-77 (10th Cir. 2005) (holding that claims, issues, or theories
of damages omitted from the pretrial order are waived).  Consequently, to the
extent that the EEOC charge referenced other claims, including retaliation and
hostile work environment claims, those claims did not become part of the
plaintiffs' case.  The district court construed Mr. Henderson's complaint about the
criticism of his managerial skills as a disparate treatment claim under Title VII
and allowed him to pursue that claim along with the other Title VII theories.
Ultimately, however, the court determined he had failed to establish a prima facie
case with respect to this claim because he could not point to any adverse
employment action stemming from the comments about his management skills.
*See Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) ("To make
out a prima facie case of discrimination, . . . Plaintiffs must demonstrate (1)
membership in a protected class, (2) *adverse employment action*, and (3) disparate
treatment among similarly situated employees." (emphasis added)).

charge included specifics about the alleged discrimination; it cited "retaliation," a "hostile work environment," and "less pay and promotions" for minorities. *Id.* Because the charge specified certain types of discrimination, but not discrimination as to *disciplinary* matters, the court concluded that the charge was insufficient to give notice of a discriminatory discipline claim. *See generally Foster*, 365 F.3d at 1195 (explaining that the EEOC charge must be sufficiently precise as to the challenged practices).

Alternatively, the court concluded that any claim of discriminatory discipline was time-barred; based on undisputed evidence, Mr. Henderson's last discipline occurred in 2004, well before the 300-day filing period applicable to his EEOC charge. *See* 42 U.S.C. § 2000e-5(e)(1) (setting forth 300-day limitations period); *Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (noting a claim is time-barred if it is not filed within the limits of § 2000e-5(e)(1)). Thus, to the extent a discriminatory discipline claim could be read into Mr. Henderson's EEOC charge, the district court ruled that it was not properly before the EEOC. It ineluctably followed, reasoned the court, that the charge could not support piggybacking with respect to the discriminatory discipline claims of Mr. Henderson's co-plaintiffs.

### B. Discriminatory Promotion

Unlike his discriminatory discipline claim, the district court concluded that Mr. Henderson's EEOC charge *did* include a claim of discrimination with respect

to the department's promotion practices. Mr. Henderson testified that he brought this claim due to his lieutenant's decision to begin rotating the responsibilities of the Acting Watch Commander, which previously had been a title given to the senior sergeant on duty. Mr. Henderson claimed that the decision to rotate this position coincided with his ascendance to senior sergeant, and thus he was deprived of the opportunity to take on the Acting Watch Commander duties on a more permanent basis.

The district court concluded this claim failed as a matter of law. First, the court noted that it was undisputed that the temporary responsibilities of Acting Watch Commander were not related to officer promotion status. Therefore, as a matter of law, the court reasoned that the decision to begin rotating those responsibilities could not support a discriminatory failure-to-promote claim. Second, as with the discriminatory discipline claim, the court held that any claim based on this incident was time-barred, as it was undisputed that Mr. Henderson achieved senior sergeant status sometime before May 2003. Accordingly, any injury that he may have suffered as result of the switch to the rotation system necessarily occurred well before the 300 days preceding his November 2005 EEOC charge.

Again, the court explained that Mr. Henderson's untimeliness with respect to his EEOC charge prevented his co-plaintiffs from piggybacking on that charge to establish subject matter jurisdiction over their own discriminatory failure-to-

promote claims. And, in any event, the court held the piggyback exception was not appropriate with respect to the discriminatory failure-to-promote claims, as each such claim arose under a unique set of circumstances. *See Foster*, 365 F.3d at 1197 (explaining that the exception applies to "individual claims arising out of similar discriminatory treatment in the same time frame").

### C. Sections 1981 & 1983

Addressing the §§ 1981 and 1983 claims, the district court explained that the elements of a discrimination lawsuit are the same whether it is brought under those sections or Title VII. *See* Aplee. Supp. App. at 16 (citing *Carney v. City & County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008)). In each case, first the plaintiff has the burden to establish a prima facie case of discrimination, which requires him to show (1) membership in a protected class; (2) adverse employment action; and (3) disparate treatment among similarly situated employees. Furthermore, if the plaintiff seeks liability against a municipality, he must also show that "the City's officials acted pursuant to a custom or policy of discriminatory employment practices." *Carney*, 534 F.3d at 1273 (internal quotation marks omitted).

The district court rejected the claims against the city as a matter of law, concluding plaintiffs had failed to identify any custom or policy of discriminatory employment practices. The court acknowledged that plaintiffs had accused the department of engaging in "excessive subjectivity" with respect to promotions

and discipline, Aplee. Supp. App. at 17 (internal quotation marks omitted), but it held there was no evidence to support this contention. Finally, the court awarded summary judgment to Chief Williams because he was not alleged to have personally participated in any discriminatory act or practice as required under § 1983, and because there was no evidence that Chief Williams had the ability to deprive plaintiffs of their contractual rights in violation of § 1981.

## II.

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party, in this case, the plaintiffs. *Carney*, 534 F.3d at 1273. We will affirm if the evidence before the district court revealed "no genuine issue as to any material fact and that the movant [was] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

On appeal, plaintiffs argue generally that Mr. Henderson's EEOC charge was timely as to his Title VII claims and that the charge should be construed liberally to include theories of discrimination asserted in his federal action. In our view, the district court squarely addressed the plaintiffs' arguments in its thorough memorandum and order, which we have summarized above. As we cannot improve upon its persuasive reasoning, we affirm the district court's decision for substantially the same reasons expressed therein.

Finally, we dismiss as moot defendants' motion to dismiss for failure of prosecution. Although we acknowledge the defendants' understandable

frustration in dealing with an adversary's repeated violations of our rules, it appears that defendants suffered no material harm as a result of plaintiffs' transgressions, in that plaintiffs ultimately submitted a docketing statement free of defects. Nonetheless, we admonish plaintiffs' counsel to comply with the Rules of Appellate Procedure in future filings with this court.

## III.

The judgment of the district court is AFFIRMED, and defendants' Motion For Dismissal For Failure to Prosecute is DENIED.

Entered for the Court

Jerome A. Holmes
Circuit Judge